IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:07-466-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Toriano Hoivey Blocker, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. The Government filed a response and a motion for summary judgment. The court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant filed a response and the matter is ripe for consideration.

The court has reviewed the complete record in this case. For the reasons stated in the Government's response, which this court finds to be correct and adopts as its findings, the Government is entitled to summary judgment. Moreover, even if *Simmons*[1] was somehow applicable to either of Defendant's previous convictions,[2] contrary to Defendant's assertions, the Fourth Circuit has held that the relief in *Carachuri-Rosendo v. Holder*, 560 U.S. __, 130 S. Ct. 2577 (2010), as applied in *Simmons*, is not retroactively available in motions for relief under § 2255. *United States v. Powell*, __ F.3d __, 2012 WL 3553680 (4th Cir. Aug. 20, 2012).

Despite Defendant's arguments to the contrary, his motion is untimely and the Government is entitled to summary judgment. Accordingly, the Government's motion for summary judgment is **granted.** The motion under 28 U.S.C. § 2255 is dismissed with prejudice.

---

[1]*United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).

[2]Both of Defendant's prior state court convictions were State of South Carolina convictions. The *Simmons* decision applies narrowly to the structured sentencing regime in North Carolina in place at the time Simmons was sentenced for his North Carolina convictions.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

                                                          s/ Cameron McGowan Currie
                                                          CAMERON MCGOWAN CURRIE
                                                          UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 2, 2012